## COMMONWEALTH *vs.* REUBEN BELDING.

The proper laying out of a town way, in distinction from a public highway, may be presumed, by a jury, from long user and occasional repairs, with other circumstances tending to show that the way was originally laid out as such way.

On the trial of an indictment for a nuisance in a road, caused by digging a ditch across it, the defendant introduced evidence that, at a remote period, a similar ditch, useful for draining certain meadow lands, was in the same place, and had been afterwards filled up; and he contended, that the nuisance, with which he was charged, was the mere removal of a preëxisting nuisance. *Held*, that if the road had been used more than forty years, without the incumbrance of the ditch, the right to reopen it had been lost.

When a party, who is indicted for obstructing a road, gives evidence that when he

obstructed it, he opened a new and convenient way on his own land, which was used for seven or eight years, and until a bridge, which he built in the new way, was carried off by a flood, such evidence does not show an abandonment of the old road, nor furnish any defence to the indictment.

THIS was an indictment, in which it was alleged, in the first count, that on the 1st of April 1844 there was, and from thence to the day of the finding of said indictment "hath been, and still is, a common and public highway in the town of Hatfield, in the county of Hampshire, leading from the north end of Hatfield Street, in Hatfield aforesaid, through the North Meadows in said Hatfield, to a part of said meadow, called Bashan, for all the citizens of the Commonwealth to go, return, pass and repass, in and along the same, at their free will and pleasure ; " and that the defendant, on the 1st of April 1845, "did unlawfully and injuriously dig and cut, and cause to be dug and cut, a deep ditch across and upon certain part of the highway aforesaid described, and the said ditch, dug and cut so as aforesaid, in and upon the said part of the highway aforesaid, he the said Belding, from the said 1st day of April until the day of the finding of this bill, unlawfully and injuriously did continue, keep up and maintain ; whereby the said highway hath been, for and during all the time aforesaid, and still is, greatly obstructed, stopped up and rendered impassable," &c.

In the second count, the way was alleged to be a town way ; and in the third count it was alleged to be a private way ; and in both, the obstruction was averred to have been caused by the defendant, by the same means which were set forth in the first count.

At the trial in the court of common pleas, before *Wells,* C. J. the evidence for the Commonwealth tended to show that for fifty years last past, and as far as the memory of the witnesses extended, there had been a travelled way from Hatfield Street into the North Meadows in Hatfield, which are known as the common and enclosed field; and that, within about ten years last past, the gates on the county road, at each extremity where it passes through said meadows, had

been removed; that the county road through these meadows was first laid out about twenty years since; that the meadows were laid out in different divisions, called Old Farms, Bashan, &c.; that there had been, for and during the terms aforesaid, farm paths or ways to these several divisions; and that these meadows were sometimes comprised in the limits assigned to surveyors of highways, were passed over by the surveyors, and were slightly repaired by them, in a few spots.

It further appeared that Bashan (so called) was a division containing about forty acres, belonging to different proprietors, situated in the northeastern part of said meadows, a mile, or more, easterly of the present county road; that there was a division, called Old Farms, farther north, where there formerly had been three or four dwelling-houses; and that there was a separate way from said Hatfield Street to said Old Farms, called the Farm Path, and from said Farm Path to Bashan; that, by a semicircular course, a traveller could pass from Hatfield Street, through Bashan and Old Farms, to Whately, and thence northerly; and that, at some stages of high water, the way through Bashan had been thus used, both before and since the laying out of the county road.

No record was offered of the laying out of any way in said meadows; the Commonwealth relying on prescription, and the use above stated, and the occasional repairs.

The defendant contended that the evidence did not support the first count, which alleged that the way was a public highway; but the judge overruled the objection.

The defendant also contended that he could not be found guilty, on the second count, of a nuisance to a town way. And on this point the judge directed the jury to inquire, first, whether the evidence proved a public or a private way, and instructed them that the presumption, in the absence of any proof of the laying out of the road, was, that it was a public highway or county road; but that this presumption might be overcome by evidence satisfying the jury that it was originally laid out as a town road; and that if, from the nature of the travel on the road, from its use,

and from its circular course, they were satisfied that it was a road originally laid out as a town road for the use of the inhabitants only, they might find the defendant guilty on the second count.

As the alleged nuisance was the digging of a drain or ditch across the way in question, for the purpose of reclaiming a large quantity of land in said meadows, the defendant introduced evidence tending to show, as he alleged, that at some remote period a drain or watercourse had existed at the same place, and that the nuisance complained of was a mere removal of a preëxisting nuisance ; and he requested the judge to instruct the jury, that if they believed such to have been the state of facts, then the defendant had a right to remove the obstruction. But the judge instructed the jury, that if such had been the condition of things, yet if, for forty years prior to the alleged nuisance, the drain had been filled up, and the occupants of Bashan, and those having a right to use the same, had used the way as a road for that length of time, then the right to reopen the drain had been lost, unless asserted by the defendant within said forty years.

The defendant also contended that the jury might infer an abandonment of the alleged way ; it appearing that it had not been used or passable for about ten years next before the time of the act complained of, and it also appearing that the defendant had opened another way across his own land, for the convenience of himself and the proprietors of Bashan, which was used for seven or eight years, and until a bridge in said way (also constructed by the defendant) was carried away by a flood, in 1843. But the judge instructed the jury, that if the defendant did the acts alleged in the indictment, and then provided another road, equally convenient for those who had occasion to use the old way, yet if he suffered the new road to go to decay, then the jury, in the absence of other evidence, would not be authorized to infer that no nuisance had been created by the defendant.

The jury found the defendant guilty, and he alleged exceptions to the foregoing rulings and instructions.

This case was argued at the last September term.

*Huntington,* for the defendant. The evidence was not sufficient to prove a nuisance in a town way. Record proof is necessary, and user is not proof of a record. *Commonwealth* v. *Low,* 3 Pick. 413. *Commonwealth* v. *Newbury,* 2 Pick. 57. The way was a private way. See Anc. Chart. 563. An assignment of a way to a surveyor, by selectmen, does not prove that it is a town way. 2 Pick. *ubi sup.* Besides; there was no evidence that any town repairs were ever made on the way in question; that is, on the road to Bashan.

A nuisance is not legalized by forty years' continuance. Roscoe Crim. Ev. (2d ed.) 741. The instructions on this point were therefore wrong.

The instructions as to the opening of another way by the defendant were given upon the unwarranted assumption that he was to do new duties in consequence of having opened it; that is, that he was also bound to keep that new way in repair. Com. Dig. Chimin, D. 2.

*Porter,* (District Attorney,) for the Commonwealth, cited 1 Hawk. *c.* 76, § 1. Roscoe Crim. Ev. (2d ed.) 511. 1 Campb. 262, *note.* *Stedman* v. *Southbridge,* 17 Pick. 162. *Hicks* v. *Fish,* 4 Mason, 310. *Sumner* v. *Child,* 2 Connect. 610. *Williams* v. *Cummington,* 18 Pick. 312.

DEWEY, J. 1. The first question here presented is not whether a town way may be established by dedication; and the case requires no opinion upon that point. But we are necessarily to decide upon another point of some practical importance, and upon which it is supposed by the counsel for the defendant, that this court has heretofore expressed an opinion. That point is, whether the proper laying out of a town road may be presumed from a long user and occasional repairs, with other circumstances, tending to show that the road was originally laid out as a town way, in distinction from a public highway or county road. The charge of the presiding judge was very full to the point, that in the absence of any proof as to the actual laying out of the road, it was to be deemed

a public highway ; but he instructed the jury that they were authorized to find the way in question to be a town way, if the evidence was strong enough to overcome this presumption, and satisfy them that it was originally laid out as a town way.

The cases relied upon by the counsel for the defendant, as bearing upon this question, are those of *Commonwealth* v. *Newbury,* 2 Pick. 57, and *Commonwealth* v. *Low,* 3 Pick. 413. The first of these cases is not in conflict with this ruling ; it being held only that a long user of a way by the inhabitants of the town where it is situate, and also by the inhabitants of the adjacent towns, is not sufficient to establish it as a town way, and that such evidence would tend to show it to be a public highway. But the case of *Commonwealth* v. *Low* is supposed to bear more strongly upon the point now raised. It is stated in the opinion pronounced in hat case, that the court " do not perceive how the record of ihe establishment of such town way as is contemplated by the statute can be presumed from a user of any length of time. If it be used exclusively by the inhabitants of the town, the presumption will be of a grant of a way to the town, which will be strictly a private way, and will not support this indictment. If it be used by the inhabitants of the town in common with other citizens of the commonwealth, it will raise a presumption that the way is a public highway." The doctrine here advanced would seem to be, that user of a way, by the inhabitants of the town in which it is situate, and of the adjacent towns, might raise a presumption of a public highway ; but that the like effect of a presumption of a town way, if used exclusively by the town, would not exist. The reason assigned for this distinction seems to be, that in the latter case the way established by the user is a *private* right of way attached to the inhabitants, as such, exclusively, and not, like a town way, open really to the use of all who have occasion to travel thereon. It may be worthy of consideration whether this distinction is sound, and whether there is really any more difficulty, upon the proper evidence, that is

evidence showing the original location to have been a town way, to presume a town way, than upon other proper evidence to presume a county or public highway. It may require much more evidence, and evidence of a different character ; but with the proper evidence it would seem reasonable that a town way might be shown, as well as a public highway, without, in all cases, producing a record of its establishment as a town way. In the case of *Stedman* v. *Inhabitants of Southbridge*, 17 Pick. 162, it was said by the court, that "as a town way may have a lawful origin, it would be difficult to say that no possible combination of circumstances would raise a presumption of a regular laying out." That case, though it did not decide the point, seems to sanction the doctrine that a town way, under some circumstances, may be proved by prescription, or by the presumption arising from user. Upon a full consideration of this question, as now presented, the court are of opinion that the instructions in this case were correct, as to finding the road to be a town way.

2. The next objection taken to the ruling is as to the nuisance proved. The defendant introduced evidence tending to show that, at some remote period, a similar ditch had existed in the road, and was useful for reclaiming certain meadow land, which ditch, at a later period, had been filled up ; and he contended that if such were the facts, he had a right to open the drain anew. As to this, the ruling of the court was, that if the road had been used, as such, without the incumbrance, more than forty years, then the right to reopen the drain had been lost. This ruling was correct, and no ground exists for this objection.

3. The further instructions as to the question of abandonment of the old road, and the effect of opening a new way, and the using of the same until a bridge in such new way was carried away, were also proper.

*Exceptions overruled.*